# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv362

| | | |
|---|---|---|
| PAMELA DIANE JONES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court pursuant to 28, United States Code, Section 636(b), pursuant a specific Order of referral of the district court, and upon plaintiff's Motion for Summary Judgment (#14), the Commissioner's Motion for Summary Judgment (#25), plaintiff's Motion to Receive New and Material Evidence (#16), plaintiff's Motion to Strike Memorandum of Commissioner (#20), and plaintiff's Supplemental Motion to Add Material Evidence (#22). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and recommendation.

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials,

but whether the decision of the administrative law judge is supported by substantial

evidence.

From the outset, the Commissioner has raised an issue *sua sponte* which

appears to require remand of the Commissioner's decision for rehearing:

> [A]lthough not raised by Plaintiff, the ALJ did err in one crucial respect
> in analyzing the medical source evidence -- the ALJ mistakenly
> characterized the residual functional capacity assessment of single
> decisionmaker (SDM) Penny Smith (Tr. 68, 249-256) as an assessment
> by a medical source (Tr. 21) (describing Exhibit 5F as the assessment of
> a nonexamining state agency doctor). Ms. Smith was not a medical
> source, and her opinion was not entitled to evidentiary weight; the RFC
> assessment she prepared should be treated as an adjudicatory document,
> but it should not have been given any weight by the ALJ, and should not
> be given any weight by this Court.
>         Erroneously identifying a single decisionmaker's residual
> functional capacity assessment as a medical opinion may undermine the
> validity of the ALJ's decision and necessitate remand.

Commissioner's Brief (#26), at 9-10 (footnote and citations omitted). The

Commissioner argues that the error in this case is distinguishable from the error in the

cases requiring remand and that the error is harmless because there was no medical

opinion providing a more restrictive residual functional capacity (hereinafter "RFC")

and because the RFC the ALJ erroneously considered to be a medical opinion was

later adopted by an agency physician. Id., at p. 10.

While not binding in courts in the Fourth Circuit, the opinion of the Sixth

Circuit Court of Appeals in Dewey v. Astrue, 509 F.3d 447, 449-450 (8th Cir. 2007),

which deals with a similar error, is highly instructive.    In that case, the Sixth Circuit

held, as follows:

> There is certainly no substantial evidence that the Residual
> Functional Capacity Assessment in the record was the opinion of a
> physician. The Commissioner's brief admits, "In his decision, the ALJ
> did factually mischaracterize Ms. Muser's assessment as having been
> performed by a physician." The record contains a report from a medical
> consultant, but the consultant did not opine that Dewey could perform
> "at the light exertional level with some postural limitations," as the ALJ
> reported the state agency's "physicians" had said. Instead, this language
> appears to have been drawn from the Residual Functional Capacity
> Assessment. In the context of discussing the Residual Functional
> Capacity Assessment, the ALJ cited Social Security Ruling 96-6p, which
> requires ALJs to accord a certain weight to the opinions of state agency
> medical consultants; this inapposite citation indicates that the ALJ
> inadvertently weighed the opinion of a lay person under the rules
> appropriate for weighing the opinion of a medical consultant, which
> would be a legal error in applying the ruling.
>
> The Commissioner argues that the error was harmless, but in light
> of the presence in the record of a more restrictive opinion from Dewey's
> treating physician, we cannot say that the ALJ would inevitably have
> reached the same result if he had understood that the Residual Functional
> Capacity Assessment had not been completed by a physician or other
> qualified medical consultant.
>
> We remand for rehearing.

Id., at 449-50.

While the Commissioner's arguments are well taken, the court believes that the

error is so fundamental as to not be capable of being harmless.  While the burden is

on the applicant for benefits to prove that she lacks the RFC for substantial gainful

employment, 20 C.F.R. §§ 404.1512(c) & 416.912(c), the Commissioner is obligated

to provide petitioner with a meaningful hearing, which requires affording proper weight to the evidence presented. See SSR 96-7p.

While it is certainly conceivable that the ALJ could have reached the same conclusion absent the error, the court finds the error to be so fundamental as to diminish confidence in the outcome of the proceeding.  Such conclusion is bolstered by a review of the certified Administrative Record provided to this court by the Commissioner in this action.  At page three of the record, the Commissioner indexes the agency RFC assessment(Exhibit 5F) as follows:

> RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 11/24/04, by DDS physician.

Admin. R., at p. 3 (emphasis added).  It appears that such error has permeated and persisted even in this action.  Inasmuch as plaintiff has but one opportunity  to seek benefits for this period, the undersigned finds that while it is probable that the result will be the same, the possibility that a different result could be reached requires remand as mistaking the conclusion of lay employee of the Commissioner for that of a physician is so fundamental as to undermine confidence in the process as well as the outcome if left uncorrected.

While plaintiff has not shown that the evidence she seeks to present is new, it does appear that another ALJ has made a favorable determination this year in another

application for benefits. Although the court believes that ALJ Avots could fairly rehear this petition, the court will recommend that the rehearing be conducted by ALJ Douglas G. White inasmuch as he appears to be most familiar with recent developments in plaintiff's health inasmuch as he appears to have recently considered an application by plaintiff.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1)     the decision of the Commissioner, denying the relief sought by plaintiff, be **VACATED**;

(2)     the plaintiff's Motion for Summary Judgment (#14) be **DENIED**;

(3)     the Commissioner's Motion for Summary Judgment (#25) be **DENIED**;

(4)     plaintiff's Motion to Receive New and Material Evidence (#16), Motion to Strike Memorandum of Commissioner (#20), and plaintiff's Supplemental Motion to Add Material Evidence (#22) be **DENIED;** and

(5)     this action be **REMANDED** for **REHEARING** before ALJ Douglas G. White.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: October 1, 2010

Dennis L. Howell
United States Magistrate Judge