# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv362

| | |
|---|---|
| PAMELA DIANE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Doc. 33].

## I. PROCEDURAL HISTORY

The Plaintiff initiated this action on September 17, 2009, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on February 2, 2010. [Doc. 10]. Thereafter, the parties filed

their motions for summary judgment on the basis of the administrative record. [Docs. 14 and 25]. On October 20, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 31].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $3,900.00. [Doc. 33]. In response, the Government objects. [Doc. 34].

II.  **ANALYSIS**

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner argues in the alternative that

an award under the EAJA is unjust, or that an award for the amount sought is unjust. The Court's prior remand of this matter, and the absence of any contention by the Commissioner that its position was substantially justified, causes the Court to conclude that some award of attorney fees under the EAJA is justified. For the reasons that follow, however, the Court finds persuasive the Commissioner's arguments favoring a lesser fee than Plaintiff claims.

Plaintiff claimed fees in the amount of $3,900.00. [Doc. 33]. The Plaintiff's submissions in support of that request are sparse. Her motion is not accompanied by the customary memorandum and contains no identification or analysis of the applicable law and no argument thereon. [Doc. 33].

Similar deficiencies in the presentation and prosecution of Plaintiff's case were present in Plaintiff''s Summary Judgment brief [Doc. 15] and noted by the Magistrate Judge in his Memorandum and Recommendations. [Doc. 30]. The remand in this matter was triggered not by Plaintiff's efforts, but essentially exclusively by the ALJ's reliance on the "Single Decision Maker." [Doc. 30 at 2, 4]. This issue was identified solely through the candor of the Commissioner in his own brief, [Doc. 26 pg. 9-10] and

3

was not even identified in Plaintiff's motion or memorandum. Examination of the work performed makes it clear that allowing Plaintiff's counsel to be awarded the full claimed number of hours for work that failed to identify the key issue and only included a boilerplate articulation that can be found in the brief for every client that counsel has recently brought before this Court would be unjust.

Addressing the specific number of hours claimed, the Commissioner argues that these represent a significant duplication of effort. The Court finds this argument to be well taken. Plaintiff offers no particular facts or legal arguments in favor of an award for the time claimed. The Commissioner's arguments are well supported, the Commissioner's arguments are adopted, but his suggested outcome is not. The hours asserted for Plaintiff's counsel's paralegal appear to be duplicative of the effort of counsel - especially considering that the efforts of neither resulted in the remand. Thus the claim for the paralegal hours will be denied as unjust. This eliminates duplication, coincidentally, and allows an uncomplicated examination of attorney Clontz's hours, which total 19.5. [Doc. 33-1 pg. 2]. While it is true, as the Commissioner argues, that the timesheet bears the lack of clarity and specificity about tasks performed

4

(the same problems that mark the substantive work in the case), the Court in its discretion is satisfied that 19.5 hours' work were necessary to produce the results that are visible on its docket.

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See <u>Hyatt v. Barnhart</u>, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); <u>May v. Sullivan</u>, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. <u>Payne v. Sullivan</u>, 977 F.2d 900, 901 (4th Cir. 1992). Plaintiff does not seek an upward adjustment, asking a rate of $125 per hour for attorney Clontz's

work. The rate claimed is reasonable *per se*.

Based upon a reasonable hourly rate of $125.00 per hour for 19.5 attorney hours expended, the Court concludes that a total fee award of $2,437.50 is justified.

The U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.___, 2010 WL 2346547 (June 14, 2010) clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Ratliff at *4-7. As such, the fee awarded below shall be made payable to the Plaintiff, but mailed to his counsel.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 33] is hereby **GRANTED** in part, and:

(1) The Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $2,437.50 for attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d).

(2) The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for

6

payment from the Judgment Fund.

(3) Defendant shall inform Plaintiff's counsel whether Plaintiff owes a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order.

**IT IS FURTHER ORDERED** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 33] is hereby **DENIED** in part, denying his claim for 22.5 hours claimed by or on behalf of his legal assistant.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: January 19, 2011

Martin Reidinger
United States District Judge